IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| JERRY M. LINSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5459** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LINCOLN COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **OPINION AND ORDER** |

In this property tax case, Plaintiff appealed the real market value (RMV) for tax year

2021-22 of a parcel of property on the Siletz River in Lincoln County.

## I. FACTS

The following facts are undisputed. The assessor's annual property tax statement for the

property showed an RMV of $72,130. (Stip Ex 22.) Plaintiff appealed to the county board of

property tax appeals, which issued an order upholding the RMV of $72,130. (*Id*.) Plaintiff then

appealed to the Magistrate Division, which held a trial and determined that the property's RMV

was $102,500, as argued by the assessor. (Compl, Ex 1 at 11.)

On appeal to this division, Plaintiff sought an RMV of either $47,000 or $49,000. (*See* Compl (no value specified); Amend Compl, Ex 3 (no value specified); Ptf's pretrial memorandum at 3 (listing both values).[1]) Defendant-Intervenor (the county) again pled an RMV of $102,500. (Inv's Ans at 3; Inv's Pretrial Memo at 3.) Trial was held March 4, 2024, at the Oregon Tax Court in Salem.

A.      *Dismissal Under Rule 60*

At trial, Plaintiff offered into evidence an appraisal report by appraiser Ric Becker that used comparable sales to support an RMV of $47,000. Becker was not present, and Plaintiff did not seek to have him testify. The county objected on the ground that Becker was not available for cross-examination. (Statement of Brian Gardner, Trial, Mar 4, 2024, 9:17-9:19.) The court excluded the appraisal report from evidence. (Statement of Judge Robert Manicke, Trial, Mar 4, 2024, 9:19.) Plaintiff then testified as to alleged errors in the county's records regarding the property, including the square footage of a walkway, ramp, and floating dock; the square footage of the land in relation to the water; the correct way to characterize the difficulty of obtaining approval to install a septic system on the property; classification of the property as "residential" versus "riverfront"; and changes in value due to the prior removal of a boathouse and prior land surveys to determine square footage. (Statements of Jerry Linstrom, Trial, Mar 4, 2024, 9:20 – 11:57.) Plaintiff also objected to the county's allegedly incorrect trending of value based on the class code assigned to the property. (Statements of Jerry Linstrom, Trial, Mar 4, 2024, 1:02-1:19.) Plaintiff presented no testimony other than his own.

---

[1] Pursuant to the court's direction to the parties, Plaintiff timely filed a pretrial memorandum on February 28, 2029; the caption incorrectly refers to it as a "post-trial" memorandum.

Following Plaintiff's case-in-chief, the county moved for dismissal under Tax Court Rule (TCR) 60, on the ground that the record at that stage contained no evidence supporting Plaintiff's asserted RMV, or any particular RMV. (Statement of Brian Gardner, Trial, Mar 4, 2024, 1:23.) Under TCR 60, the moving party "must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373-74 (2005). "The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." *Id.* at 374. Dismissal under TCR 60 is appropriate when a plaintiff taxpayer "merely assert[s] that the county made certain mistakes," without offering any evidence supporting the taxpayer's own contended value. *Id.* In this case, Plaintiff did exactly that. The court granted the county's motion to dismiss. (Statement of Judge Robert Manicke, Trial, Mar 4, 2024, 2:13-2:14.)

Because the court dismissed Plaintiff's appeal under TCR 60, the county did not present a case-in-chief or any evidence of an RMV greater than the RMV recorded on the property tax roll. Under ORS 305.427, "[t]he burden of proof shall fall upon the party seeking affirmative relief and the burden of going forward with the evidence shall shift as in other civil litigation." In applying that statute, this court recently held:

> "As to changes to the roll that a taxpayer requests for its benefit, including a valuation lower than that shown on the roll, the taxpayer seeks affirmative relief and therefore bears the burden of proof. As to a valuation higher than that shown on the roll, Defendant seeks affirmative relief and bears the burden of proof."

*PacifiCorp v. Dept. of Rev.*, __ OTR __ (July 17, 2023) (slip op at 27); 2023 WL 4571446 at *14 (Or Tax, July 17, 2023) (appeal pending). In this case, the county pled the same RMV determined by the magistrate, which was substantially higher than the RMV on the roll. Proceedings in this division are, however, *de novo*, and the magistrate's determination does not

bind this division. *See* ORS 305.425(1). The county did not carry its burden of proving an RMV higher than the RMV on the roll. For that reason, the court concludes that the RMV of the property is $72,130.

B.  *Attorney Fees; Costs and Disbursements; Penalty Under ORS 305.437*

In pretrial proceedings, the county moved for an award of attorney fees against Plaintiff. (Inv's Memo, Oct 29 2023, at 12-13.) In the court's order dated December 5, 2023, the court deferred any decision on attorney fees. *Linstrom v. Dept. of Rev.*, __ OTR __ (Dec 5, 2023) (slip op at 7.) At the conclusion of trial, the county renewed its request for attorney fees and added a request for its "costs and disbursements." The court took the request under advisement, in order to consider the following three items.

(1)  Under ORS 20.105(1), the Magistrate Division or the Regular Division "shall" award reasonable attorney fees to a prevailing party, if the court finds that there was "no objectively reasonable basis for asserting the claim, defense or ground for appeal," or if the party willfully disobeyed a court order.

(2)  A statute unique to the Tax Court, ORS 305.437, provides that the court "shall" award a penalty of up to $5,000 against a taxpayer who maintains a position with "no objectively reasonable basis." The "no objectively reasonable basis" standard overlaps with the standard for attorney fee awards under ORS 30.105(1). Any penalty under ORS 305.437 is in addition to any award of attorney fees.

(3)  In addition, the court "shall" award reasonable "costs and disbursements" to the prevailing party as provided in TCR 68. An award of costs and disbursements does not require the court to make a finding that the non-prevailing party's claims had no objectively unreasonable basis, or that the non-prevailing party willfully disobeyed a court order. See TCR 68 B.

The court intends to decide all three items together and to include any award in the judgment for the overall case. *See* TCR 68 C(5).

The court has not determined whether the facts in this case support a finding of "no objectively reasonable basis" for purposes of attorney fees or the penalty under ORS 305.437. To assist the court, and to facilitate settlement if possible, the court now directs as follows:

(1)    The county and the Department of Revenue, as prevailing parties, are to file and serve a notice showing their proposed statements of costs and disbursements within five (5) days of this Opinion and Order. The court intends that this filing will provide Plaintiff "early" notice of the amount of anticipated costs and disbursements. Plaintiff may wait to file and serve any objections until the time stated in point (3) below.

(2)    The county and the Department of Revenue are further directed to determine whether they intend to seek an award of attorney fees under ORS 20.105. If so, the county and the Department of Revenue are to file and serve a brief, jointly or separately, together with their statements of attorney fees, costs, and disbursements under TCR 68 C(4)(a) and a proposed form of judgment. The brief or briefs of the county and the Department of Revenue must apply the factors in ORS 20.075(1) and (2) to the facts of the case. The briefs and the accompanying statements and form of judgment are due within 20 days of this Opinion and Order.

(3)    After the Department of Revenue and the county file their briefs, Plaintiff shall have 20 days to file and serve any objections to the claims for attorney fees, costs, and disbursements, and to the proposed form of judgment.

The court will provide each party with a copy of the recording of the trial.

## II. ORDER AND OPINION

After trial and being fully advised of the premises, the court finds that Plaintiff's appeal should be dismissed. Parties are directed to proceed as to costs and disbursements and attorney fees as directed above. Now, therefore,

IT IS ORDERED that Plaintiff's appeal is dismissed.

IT IS THE OPINION OF THIS COURT that the real market value of the subject property for tax year 2021-22 is $72,130.

Dated this 11th day of March, 2024.

3/11/2024 11:16:39 AM

**Judge Robert T. Manicke**